United States District Court
Southern District of Texas

**ENTERED**

March 21, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARWIN FISHER,<br>TDCJ #616375, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-17-0646 |
| OFFICER GARY B. SMITH, | § <br> § <br> § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Darwin Fisher (TDCJ #616375), has filed a
Prisoner Civil Rights Complaint under 42 U.S.C. § 1983
("Complaint")(Docket Entry No. 1), concerning the conditions of his
confinement in the Texas Department of Criminal Justice –
Correctional Institutions Division ("TDCJ"). Because the plaintiff
is incarcerated, the court is required to scrutinize the claims and
dismiss the Complaint, in whole or in part, if it determines that
the Complaint "is frivolous, malicious, or fails to state a claim
upon which relief may be granted" or "seeks monetary relief from a
defendant who is immune from such relief." 28 U.S.C. § 1915A(b).
After considering all of the pleadings, the court concludes that
this case must be dismissed for the reasons explained below.

## I. **Background**

Fisher is currently incarcerated at the Darrington Unit.[1] When Fisher filed the Complaint in this case he was confined at the Connally Unit.[2] The incident that Fisher complains of occurred at the Jester IV Unit, where the defendant, Gary B. Smith, is employed by TDCJ as a correctional officer.[3]

Fisher alleges Officer Smith was escorting "Pill Tech J. Adagun" as she was distributing medication at his cell on January 9, 2015.[4] Fisher objected that some of his medication was "not present" and asked to speak to the "charge nurse."[5] When he did so, Adagun stepped away from Fisher's cell.[6] While she was gone, Fisher contends that Smith used excessive force by spraying him through the food tray slot of his cell with a full can of chemical agent.[7] Officer Smith reportedly deployed the chemical spray because Fisher was "snorting" or abusing medication in his cell.[8]

---

[1]Change of Address, Docket Entry No. 6, p. 1.

[2]Complaint, Docket Entry No. 1, pp. 1, 3.

[3]Id. at 3-4.

[4]Supplement to Complaint, Docket Entry No. 1-1, p. 1.

[5]Complaint, Docket Entry No. 1, p. 4.

[6]Id.

[7]Id.

[8]Supplement to Complaint, Docket Entry No. 1-1, p. 2.

Fisher claims that this is untrue,[9] and that Smith sprayed him without any cause.[10]  Fisher did not file a grievance about the incident because he was told by "unit grievance staff [that] the issue was not "grieveable."[11]  He seeks $5,000.00 in damages and costs of court for the violation of his civil rights.[12]

## II.  **Discussion**

Fisher contends that Officer Smith violated his civil rights by spraying him with a chemical agent on January 9, 2015.[13]  Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law.  See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  This means that Fisher had two years from the time that his claims accrued to file a civil rights action concerning these allegations.  See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Fisher's claim against Officer Smith accrued no later than

---

[9]Id.

[10]Complaint, Docket Entry No. 1, p. 4.

[11]Id. at 3.

[12]Id. at 4.

[13]Supplement to Complaint, Docket Entry No. 1-1, p. 1.

January 9, 2015, when Fisher was sprayed with a chemical agent at the Jester IV Unit. Fisher did not execute his Complaint until February 15, 2017.[14] Because Fisher waited more than two years to file suit from the time his claims accrued his Complaint against Officer Smith is untimely and subject to dismissal as frivolous. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint (Docket Entry No. 1) is **DISMISSED** with prejudice as frivolous.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this 20th day of MARCH , 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[14]Complaint, Docket Entry No. 1, p. 5.